UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sergei Lemberg and Boris Kautsky, | : |
| Plaintiffs, | : Civil Action No.: 3:14-cv-01236 JBA |
| v. | : |
| Joseph P. Marzulli a/k/a Tony Anderson a/k/a Caller From 802-438-8612, and DOES 1-10, | : FIRST AMENDED COMPLAINT <br> : <br> : November 25, 2014 |
| Defendant. | : |

For this First Amended Complaint, the Plaintiffs, Sergei Lemberg and Boris Kautsky, by undersigned counsel, state as follows:

<u>JURISDICTION</u>

1.      This Court has original jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

3.      The Plaintiff, Sergei Lemberg ("Sergei"), is an adult individual residing in Westport, Connecticut and is a "person" as defined by 47 U.S.C. § 153(39).

4.      The Plaintiff, Boris Kautsky ("Boris" and together with Sergei collectively referred to as "Plaintiffs"), is an adult individual residing in Warmister, Pennsylvania and is a "person" as defined by 47 U.S.C. § 153(39).

5.      The Defendant, Joseph P. Marzulli a/k/a Tony Anderson a/k/a Caller From 802-438-8612 is an adult individual residing at 218 Ward Road, North Tonawanda, New

York 14120, and is a "person" as defined by 47 U.S.C. § 153(39).

6.      DOES 1-10 are providers of 'skip tracing' information that allowed Defendant or a person associated with the Defendant to access Plaintiff's information which Defendant then used to harass Plaintiffs.

7.      Plaintiffs seek redress for Defendant's persistent pattern of illegal harassment and abuse not only of Plaintiffs, but also of members of their immediate family.

8.      Defendant has repeatedly harassed Plaintiffs and their family with frequent calls and abusive conversations through the use of auto-dialer.

<u>FACTS</u>

9.      In or around July 2014, Defendant began harassing Sergei, using an automatic telephone dialing system ("ATDS") and by using an artificial or prerecorded voice.

10.     The calls were placed to Sergei's cellular phone, number 917-xxx-3192.

11.     The calls were initially placed from telephone number 802-438-8612 but then the calls came from 'unavailable' numbers.

12.     When Sergei answered the calls, he was met with a period of silence followed by an automated click at which point the call was transfferred to Officer 'Tony Anderson', a pseudonym used by the Defendant to conceal his true identity.

13.     Tony Anderson repeatedly harassed Sergei on the telephone by making a variety of threats and engaging Plaintiff in repeated unwanted conversations.

14.     Other people on the Internet complain about similar conduct:

Reply!



15.

**Resident47**

7 Jun 2014

Never let bullies on the phone confuse extortion with debt collection. Honest debt collectors do not typically send their claims straight to a judge. They don't take your ransom money to broker quick deals with so-called "process servers" -- or your DMV or your traffic court or any other state office. There are no secretive "arbitrators", "mediators", or "prelitigation specialists", only sweaty criminals with a script full of bullying remarks. Lawful debt collection is a process, not an ambush, and you are due a chance at each stage to raise a dispute. The agents' horrid threats are empty and their conduct is illegal. Do not reward lawbreakers with your money. Challenge them always, sue them if you can.

FTC and CFPB material on US federal collection law:
http://www.ftc.gov/os/statutes/fdcpajump.shtm
http://www.consumerfinance.gov/askcfpb/search ... debt-collection

See also this FTC alert: "Fake Debt Collectors"
http://www.consumer.ftc.gov/articles/0258-fake-debt-collectors

Reply!



16.

**validate**

26 Jun 2014

voicemail from 8024388313 regarding 2 pending charges the county is getting ready to file along with the revocation and suspension of my driver's license and message said if I'd like to settle the matter out of court call Tony Anderson, the attorney handling the case, at 8024388313.

I retuned the call and receive a VM in which I didn't leave a message. Mr. Anderson called me today and said he had a missed call from me. In which he went though his whole speal about to pending charges for "theft of services" and "Fraud" that the company had obtained a judgement last month for a debt (this has not occured) and that they would file to garnish wages. When I explained that the only judgement I have against me has been satisfied and that he would need to send me paperwork before I would pay anything he said he did not have to. When I asked him for an address to send a writen request to he refused. I said this is a scam and hung up. He then returned the call and at the top of his lungs (keep in mind I've been calm and prof.) yell if you want to see how much of a scam I am put your boss on the phone; give me your HR department I will take your entire paycheck and you will have no money...I then told him to cease calling me and he said he would not and I said that's okay I have a forward to VM button, have a nice day.

Do not give this person any of your time or money it is a SCAM!!!

*Caller: Tony Anderson - Attorney*

3

http://800notes.com/Phone.aspx/1-802-438-8313



Anthony Gee
2 Nov 2009
M Callahan & Associates is the same as almost all othert Buffalo, NY debt collectors. They are mostly convicted felons with drug habits trying to make a fast buck with lies and threats.Joe Marzulli is dirt with a very bad coke habit. Mark Byer is laundering money with Kevin Gilbert who also does a lot of drugs.Report them to the NY AG's office and the DEA. These jerks are just like Toby Boyland who is in jail awaiting sentencing, they all will end up there doing time for their felonies, drugs and money laundering.


Gail
3 Nov 2009
Hi all

I have acquired the services on an attorney and they have checked on these slime balls.  It is a scam.  I know I owe Cashnetand I will pay them back right away, but I am not dealing with these creseps.  They told me to get in touch with Cashnet, personally, and tell them about these bozos.  I also contacted the NY State Attorney General's office yesterday, and spoke to a wonderful gentleman named John in the Consumer Complaints and Fraud Dept.  He assured me that they are a scam operation and the AG's office are doing their best to shut all of these illegal operations down.  He said that the Buffalo, Western NY area there are so many of these illegal operations that they have set up a separate department to handle them.  He is sending me a complaint form to fill out and send back to him.  As far as M Callahan and Assocs are concerned they are "Toast".  He said that they cannot do the things that Marzulli and Mark say they can do.  Oh, by the way, I got a voice mail yesterday from a "Private Number", and when I listened to it, low and behold it was Mark from M Callahan and Assocs.  Who would have thought.  LOL.  He stated that I had until noon to resolve this problem and make restitution.  At least they have the terms right.  LOL again.

I would advice everyone who has to deal with these people, to get in touch with the Attorney General's office in NY and get these creeps shut down.
The number is 1-716-853-8400.

http://whocallsme.com/Phone-Number.aspx/8889089559/2

HARASSMENT: Joseph P. Marzulli, 35, 495 River Road, lower, was arrested Thursday for second-degree harassment. He was held for court.

http://www.tonawanda-news.com/police-reports-published-may/article_ad137a53-5dfa-5d41-b48e-99949ed82634.html?mode=jqm

17.     During the initial conversation on or around July 2, Tony Anderson called Sergei a "scumbag immigrant" who failed as a lawyer and threatened to "get him [Sergei]."

18.     Tony Anderson also accessed, through the database made available to him by Does 1-10, the contact information for Sergei's wife and proceeded to make repeated harassing calls to her.

19.     Both Sergei and his wife received phone calls on a daily basis on their cellular numbers that came in bursts of 10-20 per time period.

20.     Sometimes Tony Anderson called Sergei and his wife early in the morning, sometimes late at night, sometimes both phones at once.

21.     When Sergei or his wife answered the calls, Tony Anderson would say "Good morning you as*hole" or something of that sort and hang up.

22.     One time, Tony Anderson called Sergei around 7 a.m., while his 8-year old son was using the telephone. Tony Anderson told Sergei's son to get his father on an urgent matter. When Sergei answered the phone, Tony Anderson said: "Sergei, you are a fuc*ing idiot" and terminated the call.

23.     The harassment was extremely disruptive and upsetting. It disabled Sergei's ability to use the phone and enjoy his evenings as the repeated calls constantly interrupted them.

24.     The harassment then escalated.

25.     On or about August 25, 2014, about 10 p.m., Sergei received a panicked call from his father-in-law, Boris Kautsky. Earlier that evening, Mr. Kautsky received a phone call from an "Officer Tony Anderson from Greenwich CT police department." The

"Officer" stated that Sergei and his wife were in Greenwich Hospital, in critical condition as a result of a car accident and that the grandparents would have to decide "who takes care of the children."

26.     Boris and his wife panicked and crying immediately started packing to drive to Connecticut. They also called Sergei's mother, who resides in Boston, Massachusetts, who immediately started in her way to Connecticut.

27.     To date, both continue to suffer nightmares as a result of the call they received.

28.     Several weeks after that, Sergei received a call from Tony Anderson, who said: "As*hole, I'm right outside your house. Come out. Do you know where your wife and kids are? Have you checked on them lately?" Sergei hung up and rushed home terrified, but thankfully everyone was fine.

29.     Defendant was identified through a subpoena served pursuant to this Court's order and through the efforts of Connecticut's law enforcement authorities.  The day the harassment began, on July 2, 2014, the Defendant visited Sergei's website http://www.hatecalls.com/ and entered the following message:

 "Get a life scum bag. You think by posting this website that you will make money. You failed as a lawyer in the courts and now think you can ponder apon debtors who feel violated. Think again scumbag, I have the last laugh."

30.     The message came from the following IP Address: **74.77.186.160.** According to public records, the IP address is assigned to Time Warner Cable in Buffalo, New York.

31.     On August 28, 2014, this Court Issued an Order (Dkt. #4) allowing Plaintiff to subpoena Time Warner Cable, Inc. in order to identify the person responsible for conduct described in the Complaint (Dkt. #1) and in this First Amended Complaint. A subpoena was then issue for the identity and address information of the Time Warner subscriber who posted the message in Par. 29.

32.     Time Warner Cable, Inc. responded to Plaintiff's subpoena and identified its individual subscriber, from whose Internet router the aforementioned message was sent.

33.     The subscriber is Joseph Marzulli, residing at 218 Ward Road, North Tonawanda, New York 14120, who used the pseudonym "Tony Anderson."

<u>COUNT I</u>

<u>VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seg.*</u>

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Without prior express consent, Defendant contacted Plaintiff on his cellular telephone using an ATDS and by using an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

36.     Defendant continued placing automated calls after being directed by Plaintiff to cease calling and knowing that it lacked consent to call Plaintiff.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

37.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39.     As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

COUNT II

INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43.     Connecticut further recognizes the Plaintiffs' right to be free from invasions of privacy, thus the Defendant violated Connecticut state law.

44.     The Defendant intentionally intruded upon Plaintiffs' right to privacy by

continually harassing the Plaintiffs with repeated telephone calls.

45.     The telephone calls made by the Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

46.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from the Defendant.

48.     All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

<u>COUNT III</u>

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

49.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50.     The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

51.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

52.     All acts of the Defendant complained of herein were committed with

**9**

malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to imposition of punitive damages.

COUNT IV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

54.    DOES 1-10 owed a duty to the Plaintiffs and the Public to safeguard private and personal information of the Plaintiffs and their family and release it only to authorized individuals or entities who have a need for such information.

55.    DOES 1-10 breached such duty by supplying such information to Defendant or some operation or entity associated with Defendant that has no business having or accessing such information.

56.    As a result, Plaintiffs have sustained damages.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendant:

A.  Actual damages;

B.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

C.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

D.  Punitive damages; and

E.  Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 25, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on November 25, 2014, a copy of the foregoing First

Amended Complaint was filed via the District of Connecticut electronic filing system (ECF)

and that the document is available on the ECF system.


                /s/ Sergei Lemberg

                Sergei Lemberg